IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ERIC GRANT,<br><br>       Plaintiff,<br><br>  vs.<br><br>KAMEHAMEHA SCHOOLS/BERNICE<br>PAUAHI BISHOP ESTATE; ET AL.,<br><br>       Defendants.<br>_____ | CIVIL NO. 08-00555 DAE-LEK |

**ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE PLAINTIFF ERIC GRANT'S APPLICATION FOR ADMISSION PRO HAC VICE OF ERIC GRANT, ESQ. AND JAMES BANKS, ESQ., FILED FEBRUARY 11, 2009**

Before the Court is Plaintiff Eric Grant's ("Plaintiff") Application for Admission *Pro Hac Vice* of Eric Grant, Esq. and James Banks, Esq., filed February 11, 2009 ("Application"). In accordance with Local Rule 83.1(e), the Application is hereby GRANTED as to James Banks, Esq., and DENIED WITHOUT PREJUDICE as to Eric Grant, Esq.

The Court notes that parties to civil actions in federal court have a statutory right to represent themselves pro se. See 28 U.S.C. § 1654. Plaintiff, however, is not seeking admission *pro hac vice* to represent himself pro se. He has counsel of record in this matter, but also seeks to provide professional legal services as an attorney to himself. The United States Supreme Court has held that plaintiff-attorney litigants may not recover statutory awards of attorney's fees. See Kay v. Ehrler, 499 U.S. 432 (1991). In Kay, the Supreme

Court also remarked that self-representation by a lawyer is done at considerable peril:

> Even a skilled lawyer who represents himself is at a disadvantage in contested litigation.  Ethical considerations may make it inappropriate for him to appear as a witness.  He is deprived of the judgment of an independent third party in framing the theory of the case, evaluating alternative methods of presenting the evidence, cross-examining hostile witnesses, formulating legal arguments, and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom.  The adage that "a lawyer who represents himself has a fool for a client" is the product of years of experience by seasoned litigators.

Id. at 437-38.

Lastly, the Court notes that the Rule 16 Scheduling Conference will take place on March 9, 2009.  No trial date has yet been assigned.  It may be that pleadings will be amended and that additional individuals or entities may be added as plaintiffs.  In that event, Eric Grant, Esq., may desire to seek permission to be admitted as counsel *pro hac vice* for plaintiffs other than himself.  Denial of his current Application is therefore without prejudice.

For the foregoing reasons, Plaintiff's Application for Admission *Pro Hac Vice* of Eric Grant, Esq. and James Banks, Esq., filed February 11, 2009, is hereby GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE.  The Application is GRANTED as to James Banks, Esq., and DENIED WITHOUT PREJUDICE as to Plaintiff.

The Clerk's Office is hereby DIRECTED to refund payment of the *pro hac vice* filing fee (receipt number 246556) in the amount of $225.00 to Plaintiff.

**IT IS SO ORDERED.**

DATED AT HONOLULU, HAWAII, February 13, 2009.



　　　　　　　　　　　　　　/S/ Leslie E. Kobayashi
　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　United States Magistrate Judge

**ERIC GRANT V. KAMEHAMEHA SCHOOLS/BERNICE PAUAHI BISHOP ESTATE, ET AL; CIVIL NO. 08-00555 DAE-LEK; ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE PLAINTIFF ERIC GRANT'S APPLICATION FOR ADMISSION PRO HAC VICE OF ERIC GRANT, ESQ. AND JAMES BANKS, ESQ., FILED FEBRUARY 11, 2009**