IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ERIC GRANT, | ) | CIVIL NO. 08-00555 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KAMEHAMEHA SCHOOLS/BERNICE PAUAHI BISHOP ESTATE; ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE PLAINTIFF ERIC GRANT'S APPLICATION FOR ADMISSION PRO HAC VICE OF ERIC GRANT, ESQ. AND JAMES BANKS, ESQ., FILED FEBRUARY 11, 2009**

Before the Court is Plaintiff Eric Grant's ("Plaintiff") Application for Admission *Pro Hac Vice* of Eric Grant, Esq. and James Banks, Esq., filed February 11, 2009 ("Application"). Defendants Kamehameha Schools/Bernice Pauahi Bishop Estate, J. Douglas Ing, Nainoa Thompson, Diane J. Plotts, Robert K.U. Kihune, and Corbett A.K. Kalama, in their capacities as Trustees of the Kamehameha Schools/Bernice Pauahi Bishop Estate (collectively "Defendants") filed a memorandum in opposition to Plaintiff's admission pro hac vice on February 13, 2009, and Plaintiff filed a reply on February 17, 2009. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"). In accordance with Local Rule 83.1(e), the Application is hereby GRANTED as to James Banks, Esq., and DENIED

WITHOUT PREJUDICE as to Eric Grant, Esq.

## DISCUSSION

The Court notes that parties to civil actions in federal court have a statutory right to represent themselves pro se.  See 28 U.S.C. § 1654.  Plaintiff, however, is not seeking admission *pro hac vice* to represent himself pro se.  He has counsel of record in this matter, but also seeks to provide professional legal services as an attorney to himself.  The United States Supreme Court has held that plaintiff-attorney litigants may not recover statutory awards of attorney's fees.  See Kay v. Ehrler, 499 U.S. 432 (1991).  In Kay, the Supreme Court also remarked that self-representation by a lawyer is done at considerable peril:

> Even a skilled lawyer who represents himself is at a disadvantage in contested litigation.  Ethical considerations may make it inappropriate for him to appear as a witness.  He is deprived of the judgment of an independent third party in framing the theory of the case, evaluating alternative methods of presenting the evidence, cross-examining hostile witnesses, formulating legal arguments, and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the

>       courtroom.  The adage that "a lawyer who
>       represents himself has a fool for a client" is the
>       product of years of experience by seasoned
>       litigators.

Id. at 437-38.  Courts do have the authority to allow a party, who is already represented by counsel, to serve as co-counsel. See United States v. Olano, 62 F.3d 1180, 1193 (9th Cir. 1995). Under the circumstances of this case, however, this Court finds that Plaintiff's hybrid representation would be inappropriate.

In general, the Court has discretion whether to grant or deny an attorney pro hac vice admission.  See E.E.O.C. v. Lockheed Martin, CV 05-00479 DAE-LEK, 05-00496 DAE-LEK, 2007 WL 4468658, at *5 (D. Haw. Dec. 18, 2007) (citing Local Rule LR83.1(e)).  Admission pro hac vice is a privilege, not a right. See id. (citing United States v. Gorman, 674 F. Supp. 1401, 1404 (D. Minn. 1987)).  This Court must therefore balance Plaintiff's "'interest in retaining counsel of his choice against the public's interest in the prompt, fair and ethical administration of justice.'"  Id. (quoting United States v. Panzardi Alvarez, 816 F.2d 813, 817 (1st Cir. 1987)).  This Court FINDS that Plaintiff's admission pro hac vice would impair the prompt, fair, and ethical administration of justice in this case because Plaintiff will likely be the key witness in this case.

I.  **Attorney as Witness Rule**

"Every member of the bar of this court . . . shall be governed by and shall observe the standards of professional and ethical conduct required of members of the Hawaii State Bar." Local Rule LR83.3.  Attorneys who practice in the Hawaii state courts must comply with the Hawaii Rules of Professional Conduct. See Rules of the Supreme Court of the State of Hawaii Rule 2.2. An attorney who is admitted to practice pro hac vice in this district court "is subject to the jurisdiction of the court with respect to the attorney's conduct to the same extent as a member of the bar of this court."  Local Rule LR83.1(e)5.

> Hawaii Rule of Professional Conduct 3.7(a) provides:
>
> A lawyer shall not act as advocate at a trial in
> which the lawyer is likely to be a necessary
> witness except where:
>> (1) the testimony relates to an uncontested
>> issue;
>> (2) the testimony relates to the nature and
>> value of legal services rendered in the case;
>> or
>> (3) disqualification of the lawyer would work
>> substantial hardship on the client.

The comments to Rule 3.7 state that

> paragraph (a)(3) recognizes that a balancing is
> required between the interests of the client and
> those of the opposing party.  Whether the opposing
> party is likely to suffer prejudice depends on the
> nature of the case, the importance and probable
> tenor of the lawyer's testimony, and the
> probability that the lawyer's testimony will
> conflict with that of other witnesses.  Even if
> there is risk of such prejudice, in determining
> whether the lawyer should be disqualified due
> regard must be given to the effect of

>              disqualification on the lawyer's client.  It is
>              relevant that one or both parties could reasonably
>              foresee that the lawyer would probably be a
>              witness. . . .

Haw. R. Prof. Cond. 3.7 cmt. 4.

Rule 3.7(a) prohibits lawyers from acting as both advocate and witness because, *inter alia*, "[i]t may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof."  Haw. R. Prof. Cond. 3.7, cmt. 2.  The confusion caused by an attorney's dual roles is not limited to live testimony at trial.  A trial is "connected as a seamless web to the ascertainment of issues at the pretrial proceedings, and particularly to the discovery depositions."  Gen. Mill Supply Co. v. SCA Servs., Inc., 697 F.2d 704, 716 (6th Cir. 1982).  The evidence admitted at trial may include depositions that the attorney participated in or declarations and affidavits that he prepared.

The Court acknowledges that some courts have interpreted rules identical to Haw. R. Prof. Cond. 3.7(a) to apply only to the actual trial.  See, e.g., Caplan v. Braverman, 876 F. Supp. 710, 711 (E.D. Pa. 1995) (applying Penn. R. Prof. Cond. 3.7(a)).  This Court, however, has previously ruled that Rule 3.7 also applies to pretrial proceedings, finding that disqualification for the trial proceedings alone is insufficient to remedy the conflict between the attorney's role as advocate and witness and could result in a prejudicial substitution of

counsel immediately before trial.  See Royal Travel, Inc. v. Shell Management Hawaii, Inc., et al.; CV 08-00314 JMS-LEK; Order Granting Defendants' Motion to Disqualify Attorney J. Charles Blanton as Counsel for Plaintiffs and to Revoke His Pro Hac Vice, filed 3/12/09 (dkt. no. 50), at 13; Opuna, LLC, et al. v. Sabbagh, et al., CV 05-00488 SOM-LEK, Order Granting Defendant's Motion to Disqualify Jerry A. Ruthruff as Counsel for Opuna LLC, filed 4/17/06 (dkt. no. 73), at 14 & n.4.[1]  This Court therefore finds that, if Rule 3.7 bars Plaintiff from serving as counsel, such prohibition also applies to pretrial proceedings.

Based on the pleadings in this case and the parties' representations in connection with this Application, this Court finds that Plaintiff will likely be a necessary witness in this case and his testimony is likely to conflict with the testimony of Defendants' witnesses.  Defendants may be prejudiced by Plaintiff's admission as counsel pro hac vice because his status as counsel and witness may unduly complicate discovery and his dual role may create an improper inference that his testimony is

---

[1] In Opuna, the district judge vacated the Disqualification Order when she remanded the case to state court.  The district judge's order, however, stated that she was vacating the Disqualification Order only because the state court should not be bound by the federal court's nonjurisdictional rulings.  See Opuna, Order Remanding Case; Vacating Magistrate Judge's Order Granting Defendant's Motion to Disqualify Jerry A. Ruthruff as Counsel for Opuna, LLC; Denying Defendant's Request to Strike Larry White's Declaration in Support of Motion to Remand; and Denying Defendant's Request for Rule 11 Sanctions, filed 8/15/06 (dkt. no. 125), at 21-22.

more credible than that of Defendants' witnesses.  The Court further finds that the potential prejudice to Plaintiff from the denial of his Application is minimal.  Mr. Banks and Plaintiff's local counsel, Mark Murakami, Esq., and Robert Thomas, Esq., are able attorneys who are more than capable of handling this case. Further, even though Plaintiff has been effectively serving as lead counsel in this case, the case is in its early stages, giving Mr. Banks, Mr. Murakami, and Mr. Thomas ample time to assume any duties that Plaintiff was handling.  Further, Plaintiff can still share his factual knowledge with counsel as a witness and a consultant.

## II.  **Denial is Without Prejudice**

Lastly, the Court notes that trial is set for January 12, 2010, and the deadline to add parties and amend pleadings is June 12, 2009.  It may be that additional individuals or entities may be added as plaintiffs.  In that event, Eric Grant, Esq., may desire to seek permission to be admitted as counsel *pro hac vice* for plaintiffs other than himself.  Denial of his current Application is therefore without prejudice.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Application for Admission *Pro Hac Vice* of Eric Grant, Esq. and James Banks, Esq., filed February 11, 2009, is hereby GRANTED IN PART and DENIED IN

PART WITHOUT PREJUDICE.  The Application is GRANTED as to James Banks, Esq., and DENIED WITHOUT PREJUDICE as to Plaintiff.  The Clerk's Office is hereby DIRECTED to refund payment of the *pro hac vice* filing fee (receipt number 246556) in the amount of $225.00 to Plaintiff by no later than **April 14, 2009**, unless Plaintiff appeals this order to the district judge.  If Plaintiff does file an appeal, whether and when the fee is returned will depend upon the district judge's ruling.

　　　　IT IS SO ORDERED.

　　　　DATED AT HONOLULU, HAWAII, March 30, 2009.



　　　　　　　　　　　　　　　/S/ Leslie E. Kobayashi
　　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　　United States Magistrate Judge

**ERIC GRANT V. KAMEHAMEHA SCHOOLS/VERNICE PAUAHI BISHOP ESTATE, ET AL; CIVIL NO. 08-00555 DAE-LEK; ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE PLAINTIFF ERIC GRANT'S APPLICATION FOR ADMISSION PRO HAC VICE OF ERIC GRANT, ESQ. AND JAMES BANKS, ESQ., FILED FEBRUARY 11,2009**